## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

WELLS-GARDNER ELECTRONICS
CORPORATION,

        Plaintiff,

        v.

C. CERONIX, INC.

        Defendant.

Civil Action No.: 1:10-CV-02536

**Judge William T. Hart**

## ANSWER, AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

### ANSWER

NOW COMES Defendant, C. CERONIX, INC. ("CERONIX"), by its counsel, Joseph M. Vanek and Jeff Moran of Vanek, Vickers & Masini, P.C., and for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, WELLS-GARDNER ELECTRONICS CORPORATION ("WELLS-GARDNER") states as follows:

### THE PARTIES

1.    WELLS-GARDNER is a corporation organized under the laws of the State of Illinois and having a principal place of business at 9500 W. 55th Street, McCook, Illinois.

**Answer**:    CERONIX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.    CERONIX is a corporation organized under the laws of the State of California and having a principal place of business at 13350 New Airport Road, Auburn, California.

**Answer**:    CERONIX admits the allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**Answer**:      CERONIX admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action purports to arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

4.      This Court has personal jurisdiction over CERONIX because CERONIX regularly transacts business within this judicial district and has committed acts of patent infringement in this judicial district, thereby causing injury to WELLS-GARDNER in this district.

**Answer**:      CERONIX admits that this Court has personal jurisdiction over it because CERONIX transacts business within this judicial district.  CERONIX denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5.      Venue lies within this judicial district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  Defendant CERONIX regularly transacts business in this district and has committed acts of patent infringement within this district, thereby causing injury to WELLS-GARDNER in this district.

**Answer**:      CERONIX admits that venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  CERONIX denies the remaining allegations set forth in Paragraph 5 of the Complaint.

## CLAIM I – INFRINGEMENT OF U.S. PATENT NO. 7,453,685

6.     On November 18, 2008, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,453,685, entitled "Mountable Frame for Holding Flat Panel Display and Methods of Mounting Frame for Holding Flat Panel Display."

**Answer**:     CERONIX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.     WELLS-GARDNER owns the '685 patent by assignment from the inventors.

**Answer**:     CERONIX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.     Defendant CERONIX has infringed at least claim 2 of the '685 patent by making, using, selling, offering to sell, or importing into the United States, devices that embody the claims of the '685 patent, including at least the 1905-LCD, 1906-LCD and 1908-LCD model display units.

**Answer**:     CERONIX denies the allegations set forth in Paragraph 8 of the Complaint.

9.     CERONIX' infringement of the '685 patent has caused damage to WELLS-GARNDER.

**Answer**:     CERONIX denies the allegations set forth in Paragraph 9 of the Complaint.

10.     WELLS-GARDNER has placed the notice required by 35 U.S.C. § 287 on devices that embody the claims of the '685 patent manufactured, offered for sale, or sold by it within the United States.

3

**Answer**:       CERONIX is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

WHEREFORE, Defendant, C. CERONIX, Inc., denies that Plaintiff, WELLS-GARDNER ELECTRONICS CORPORATION, is entitled to any judgment or recovery against Defendant and, therefore, prays that judgment be entered in its favor and against Plaintiff, and that it be awarded its costs of suit sustained in defending this action.

## AFFIRMATIVE DEFENSES

### First Defense

The alleged manufacture, importation, offer of sale, sale or use of CERONIX LCD monitors, including 1905-LCD, 1906-LCD and 1908-LCD, does not infringe any valid claim of U.S. Patent No. 7,453,685 (the "Patent-in-Suit").

### Second Defense

The claims of the Patent-in-Suit are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

### Third Defense

Plaintiff is estopped from construing the claims of the Patent-in-Suit in such a way as may cover CERONIX'S activities by reason of, among other things, statements made in the Patent-in-Suit, amendments and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the application that issued as the Patent-in-Suit, prior statements made in this or any other Court, prior rulings of this or any other Court, and/or Plaintiff's prior conduct.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, estoppel, laches, waiver and unclean hands.

**Fifth Defense**

Plaintiff's claims are barred in whole or in part by operation of the applicable statues, including 35 U.S.C. §§286 and/or 287

**Sixth Defense**

Plaintiff is not entitled to injunctive relief because any purported injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

WHEREFORE, Defendant, C. CERONIX, INC., denies that Plaintiff, WELLS-GARDNER ELECTRONICS CORPORATION, is entitled to any judgment or recovery against Defendant and, therefore, prays that judgment be entered in its favor and against Plaintiff, and that it be awarded its costs of suit sustained in defending this action.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT FOR INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT OF UNITED STATES PATENT NO. 7,453,685**

NOW COMES Defendant/Counterclaimant C. CERONIX, INC. ("CERONIX") and for its Counterclaim for Declaratory Judgment against WELLS-GARDNER ELECTRONICS CORPORATION ("WELLS-GARDNER") alleges as follows:

1.     This is a cause of action for declaratory judgment of invalidity, unenforceability and non-infringement of the claims of the Patent-in-Suit.

2.     This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because WELLS-GARDNER has accused CERONIX of infringing the Patent-in-Suit.

3.     CERONIX is a corporation of the State of California having a place of business at 13350 New Airport Road, Auburn California.

4.     Upon information and belief, WELLS-GARDNER is a corporation of the State of Illinois with its principal place of business at 9500 W. 55th Street, McCook, Illinois.

5.     On April 23, 2010, WELLS-GARDNER filed a Complaint accusing CERONIX of infringing the Patent-in-Suit.

6.     WELLS-GARDNER claims to be the assignee of the Patent-in-Suit.

7.     CERONIX has not infringed and is not now infringing any claim of the Patent-in-Suit, either literally or under the doctrine of equivalents, and has not contributorily infringed, and has not induced infringement of the Patent-in-Suit.

8.     The Patent-in-Suit is invalid and/or unenforceable for failing to comply with one or more provisions of the Patent Laws of the United States, Title 35, United States Code, including without limitation, 35 U.S.C., §§ 101, 102, 103, 112, and 282.

9.     A substantial, actual, and continuing controversy exists between CERONIX and WELLS-GARDNER as to the infringement of the Patent-in-Suit by virtue of WELLS-GARDNER'S allegations of infringement.

10.     CERONIX is entitled to a declaration that the Patent-in-Suit is not infringed by CERONIX and is invalid and/or unenforceable.

11.     This is an exceptional case pursuant to 35 U.S.C. § 285, entitling CERONIX to an award of its attorneys' fees.

WHEREFORE, Defendant/Counterclaimant, C. CERONIX, INC., respectfully prays for the following relief:

a.     A declaration that CERONIX  had not infringed either directly or indirectly any valid and enforceable claim of the Patent-in-Suit;

b.     A declaration that the Patent-in-Suit is invalid and void;

c.     A declaration that the Patent-in Suit is unenforceable;

d.     A determination that this is an exceptional case under 35 U.S.C. § 285 and that CEROMIX be awarded attorneys' fees and costs of suit incurred in this litigation;

e.       Such other relief as this Court deems necessary and just.

## **DEMAND FOR JURY TRIAL**

C. CERONIX, INC. demands a trial by jury on all issues so triable.


Dated: <u>September 30, 2010</u>                    Respectfully submitted,

                                                      /s/ Joseph M. Vanek

*Attorneys for Defendant*
Joseph M. Vanek
IL State Bar No. 6197046
Jeffrey R. Moran
IL State Bar No. 6283573
John P. Bjork
IL State Bar No. 6299111
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: jmoran@vaneklaw.com
E-mail: jbjork@vaneklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2010, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to

counsel for Plaintiff:

> David J. Marr
> Trexler, Bushnell, Giangiorgi, Blackstone & Marr, Ltd.
> 105 W. Adams, 36th Floor
> Chicago, IL 60603

/s/ Joseph M. Vanek
