*aee*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | |
|---|---|
| WELLS-GARDNER ELECTRONICS CORPORATION,       ) | |
| ) | |
| Plaintiff,   ) | |
| Counter-defendant,   ) | |
| ) | |
| v.   ) | No. 10 C 2536 |
| ) | |
| C. CERONIX., INC.,   ) | |
| ) | |
| ) | |
| Defendant,   ) | |
| Counter-claimant.   ) | |

## OPINION AND ORDER

This case is before the Court on the motion of defendant C. Ceronix, Inc.

("Ceronix") for summary judgement of non-infringement. Plaintiff Wells-Gardner

Electronics Corporation claims that certain of defendant's products infringe

Claim 2 of its United States Patent No. 7,453,685, entitled "Mountable Frame For

Holding Flat Panel Display and Methods of Mounting Frame for Holding Flat

Panel Display" (the "'685 Patent"). Plaintiff presents an uncomplicated patent in a

crowded field.

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 (a). Venue lies within this district under 28 U.S.C. §§ 1391(b) and 1391(c).

The basis for summary judgment centers on whether any of the accused Ceronix products meet the limitation of independent Claim 2 specifying that a "flange" be "attached to the first frame side" of the frame for holding the flat panel display. Independent Claim 2 states as follows:

> **2. A device for mounting a flat panel video to an object, comprising:**
> **a frame adapted to engageably hold a flat panel video display, wherein the frame includes a back panel having a first edge and a second edge, the first edge being opposite the second edge;**
> **a first frame side attached to the first edge; and**
> **a supply of selectively attachable flanges, wherein at least two flanges in the supply are differently sized and differently shaped with respect to each other, a first flange of the supply of the flanges selectively attached to the first frame side, a surface of the first flange being adapted to engageably attach to an object.**

Summary judgment may be granted only if it is apparent from the entire record, viewed in a light most favorable to the non-moving party, that there are no genuine disputes of material fact. Any doubt as to the existence of a material fact in dispute, other than a mere metaphysical doubt, requires denial of the motion. *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1320 (Fed. Cir. 2003);

*Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1250 (Fed. Cir. 2000);

*Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010); *Ponsetti v. GE Pension*

*Plan*, 614 F.3d 684, 691 (7th Cir. 2010). The moving party must demonstrate that

the facts and inferences, when viewed in the light most favorable to the

nonmoving party, could not persuade a reasonable jury to return a verdict in favor

of the nonmoving party–the patent owner. *See Bus. Objects, S.A. v.*

*Microstrategy, Inc.*, 393 F. 3d 1366, 1371-72 (Fed. Cir. 2005); *Jones v. Union*

*Pac. R.R. Co.*, 302 F.3d 735, 739-40 (7th Cir. 2002).

Determining patent infringement requires two steps. First, the asserted

claim must be properly construed to determine its scope and meaning. This is a

question of law. Second, the properly construed claim must be compared to the

accused products to determine whether the accused products infringe the claim,

either literally or under the doctrine of equivalents. *Markman v. Westview*

*Instruments, Inc.*, 517 U.S. 370, 374 (1996); *Ferguson Beauregard/Logic*

*Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1338

(Fed. Cir. 2003).

The only term in Claim 2 in dispute is the meaning of the word "flange."

Defendant contends that its products do not use flanges but rather use brackets

which attach to the back of its frame, not the side of its frame, and provide

strength to the back of the frame.  The words flange and bracket, however, at least as regards the attachment effect claimed in Claim 2 of the '685 Patent, are interchangeable.  This interpretation is consistent with intrinsic evidence[1] in the patent history and extrinsic evidence in dictionary definitions.  *Webster's* defines the word flange as "a rib or rim for strength, for guiding, or for attachment to another object."  http://www.merriam-webster.com/dictionary/flange.  *American Heritage Dictionary* defines the word flange as "a projecting rim, collar, or ring on a shaft, pipe, machine housing, etc., cast or formed to give additional strength, stiffness, or supporting area, or to provide a place for *the* attachment of other objects."  http://dictionary.reference.com/browse/flange.  Nothing is presented to support that "flange" has any special or different meaning in the relevant industry.

The Summary of the Invention in the '685 Patent states, in part:

> . . . A first frame side is attached to the first edge; and a first flange is selectively attached to the first frame side, a surface of the first flange being adapted to engageably attach to an object.

* * *

> . . . A frame adapted to engageably hold the flat panel video display is provided, wherein the frame includes a back

---

[1] The patent's only reference to "bracket" is: "In the alternative, the flat panel display **10** may be mounted within the frame **105** by way of a mounting bracket (not shown), in which case it is unnecessary to attach the flat panel display to the frames via fasteners through holes **141**."  Col. 5, ll. 14-18.

panel having a first edge and a second edge, the first edge being opposite the second edge; and a first frame side attached to the first edge. . . . The first portion of the first flange is attached to the first frame side.

Col. 2, ll. 6-9, 48-53.

The Detailed Description of a Presently Preferred Embodiment of the '685 Patent states, in part:

> . . . The frame **105** is generally in the form of a shallow pan, which is sized to receive a correspondingly-sized flat panel display **10** within the confines of the pan. . . . The frame further includes a top side **117**, a bottom side **115**, and two opposed sides **114**. . . Flanges **140** are selectively attached to opposed sides **114** respectively.
>
> * * *
>
> Preferred embodiments of the frame include flanges **140** that are generally L-shaped, each having two longitudinal members **160**, **162** approximately perpendicular to one another. However, one of ordinary skill in the art will readily appreciate that other flange configurations, such as, for example, U-shaped flange configurations, may also be used without departing from the scope of the invention. . . . The flanges **140** may also be bonded to the frame **105**, or attached to the frame by fasteners, such as screws and the like.
>
> * * *
>
> Screws may be driven through holes **141** on the side longitudinal members **162** of the flanges **140**, and through corresponding holes (not shown) on the sides **114** of the frame **105**, thereby securing the frame **105** to the flanges **140**. . . .

Col. 3, ll. 67-68; Col. 4, ll. 1-42; Col. 5, ll. 8-12.

Each of defendant's models have brackets (flanges) that are on the sides of the frame of a flat panel display attached by bolts to the back of that frame. These models do not attach to the sides of the frames. Plaintiff argues that attached to the first frame side should be understood as meaning attached directly or indirectly. Under this construction, it is argued that the brackets (flanges) are indirectly attached to the first frame side.

Literal infringement requires that each limitation set forth in a claim appear in the accused product. *Becton Dickinson & Co.* v. *C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed Cir. 1990); *V-Formation, Inc. v. Beneton Grp. SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005). Here, Claim 2 clearly calls for the flange to be "attached to the first frame side" (reference number **114**). Nothing in the specifications supports a construction that would include attachment to the back panel of the frame (reference number **119**) as a substitute for attachment to the "first frame side." There is no literal infringement of Claim 2.

A patentee may not assert the doctrine of equivalents if it would vitiate a particular claim element. *Warner-Jenkins Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997). The rule requires consideration of whether, in light of the totality of the circumstances, the equivalent can fairly be characterized as an insubstantial change without rendering the limitation meaningless. *Trading*

*Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1355 (Fed Cir. 2010). It is not an equivalent application to attach the bracket (flange) to the back of the frame rather than to the side. This is true whether or not, as claimed by defendant and not disputed by plaintiff, that this method strengthens the back of the frame. How significant this factor may be need not be decided in order to conclude that defendant's products do not infringe Claim 2 of the '685 patent either literally or by equivalent.

In its counterclaim, defendant seeks a declaratory judgment that the '685 patent is invalid. Granting summary judgment based on non-infringement generally does not moot a counterclaim based on invalidity, *see Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348-49 (Fed. Cir. 2005); *Zenith Elec. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1366-67 (Fed. Cir. 2008), but this court still has discretion to not consider Ceronix's request for a declaratory judgment. *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir.1998); *Remediation Prods., Inc. v. Adventus Ams., Inc.*, 2011 WL 1272924 *2 (W.D.N.C. April 1, 2011); *Am. Piledriving Equip., Inc. v. Geoquip, Inc.*, 696 F. Supp. 2d 582, 593 (E.D. Va. 2010), *aff'd*, ___ F.3d ___, 2011 WL 1045360 (Fed. Cir. March 21, 2011); *Fujitsu Ltd. v. Netgear, Inc.*, 2009 WL 2341810 *6 (W.D. Wis. July 29, 2009); *Atlanta Attachment Co. v. Leggett &*

*Platt, Inc.*, 2007 WL 5011980 *9-10 (N.D. Ga. Feb. 23, 2007); *see also* **Teva**

**Pharm. USA, Inc. v. EISAI Co., Ltd.**, 620 F.3d 1341, 1348-49 (Fed. Cir. 2010)

(discretion to consider declaratory relief).  Since resolution of the infringement

claim will likely result in plaintiff not raising any further contentions of

infringement by defendant, this court exercises its discretion to decline to consider

the declaratory judgment counterclaim.

      IT IS THEREFORE ORDERED that defendant's motion for summary

judgment based on non-infringement [40] is granted.  Defendant's motion for

summary judgment based on invalidity [45] is denied without prejudice.  The

Clerk of the Court is directed to enter judgment in favor of defendant C. Ceronix,

Inc. and against plaintiff Wells-Gardner Electronics Corporation dismissing

plaintiff's cause of action with prejudice based on non-infringement.  The Clerk of

the Court is further directed to enter judgment in favor of counterdefendant

Wells-Gardner Electronics Corporation and against counterplaintiff C. Ceronix,

Inc. dismissing counterplaintiff's counterclaim cause of action without prejudice.

      ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED: APRIL  14, 2011